10-22-ag
Gyulnazaryan v. Holder

BIA
Chew, IJ
A097 703 120

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

AMAHITE GYULNAZARYAN,
> *Petitioner,*

v.                                          10-22-ag
                                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Tatiana S. Aristova, Plainsboro, New Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Ari Nazarov, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amahite Gyulnazaryan,[1] a native and citizen of Armenia, seeks review of the December 8, 2009, order of the BIA affirming the January 31, 2008, decision of Immigration Judge ("IJ") George T. Chew pretermitting her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Amahite Gyulnazaryan*, No. A097 703 120 (B.I.A. Dec. 8, 2009), *aff'g* No. A097 703 120 (Immig. Ct. N.Y. City Jan. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable

---

[1] The official caption throughout the agency proceedings, and all of the agency documents, refer to petitioner as "Amahite Gyulnazaryan," as does the official caption of the case in this Court. Petitioner's submissions, including her initial application for asylum and withholding of removal, consistently refer to her as "Anahit" Gyulnazaryan (or occasionally, "Gyulnazarian").

2

standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Gyulnazaryan waived any challenge to the agency's determination that she was statutorily ineligible for asylum by not sufficiently arguing the issue in her brief. 8 U.S.C. § 1158(a)(2)(B); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

With respect to Gyulnazaryan's claims of withholding of removal and CAT relief, substantial evidence supports the agency's adverse credibility determination.  Although the BIA may have erred in finding that Gyulnazaryan provided inconsistent statements regarding the date she began working at the military recruitment center, the totality of the circumstances nevertheless sufficiently support the agency's finding that she was not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Gyulnazaryan does not dispute the IJ's finding that she failed to mention in her written asylum application that she was threatened and criticized at work because she witnessed corruption there, and that her supervisor threatened to

3

draft her disabled brother into the army, but contends that these omissions were minor and insufficient to support an adverse credibility determination. Under the REAL ID Act, however, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Furthermore, the agency was not required to accept her explanation that the omissions were due to the translator's failure to record them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Moreover, the agency did not err in finding that Gyulnazaryan provided inconsistent testimony regarding the frequency with which she was followed on her way to work, as she initially stated that "when I left the house I would have a car follow me," and that "one time actually he came and turned around so close to me that I could hardly save my life and run away from it," but later asserted that she had not testified that a car had been following her all the

time. Although she contends that "she did not necessarily mean that the car was following her every day," and that this explanation was "entirely reasonable," the BIA was not compelled to accept the explanation. *See id*. Gyulnazaryan's use of the phrase "one time" in describing the incident when the car allegedly attempted to run her over implied that she had been followed on more than one occasion. Moreover, her statement that she "would have a car follow" her "every morning before [she] left to work" also indicates that she was followed more than once.

Finally, the BIA did not err in finding that Gyulnazaryan provided inconsistent statements regarding when she began having problems at work. In the written statement attached to her asylum application, Gyulnazaryan stated that, after beginning work at the recruitment center, she "was a devoted employee and never received bad reviews by [her] supervisors and/or co-workers" for the first 8 years she was there, until 1996 when she "was subjected to harsh criticism and maltreatment by [her] new supervisor." However, Gyulnazaryan later testified that "[t]he pressure started in '93 actually," and then subsequently testified that her supervisor had been making threats against her "since 1992." These inconsistencies alone were sufficient

5

to support the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 74-78 (2d Cir. 2004) (determination supported by applicant's inconsistent statements as to the date on which his wife was allegedly sterilized). Furthermore, although Gyulnazaryan asserted that she failed to include the earlier mistreatment in her application because "[t]hese things happened in two phases," and that this explanation "was entirely reasonable and should have been accepted," a reasonable adjudicator would not have been compelled to accept the explanation. *Majidi*, 430 F.3d at 80-81. This is especially true because the inconsistent dates were directly related to the basis of Gyulnazaryan's claim for relief; namely, that she was repeatedly threatened and criticized while working at the military recruitment center.

Ultimately, the agency's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, it did not err in denying Gyulnazaryan's application for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

6

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk